UNITED STATES DISTRICT COURT
IN AND FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRACY LEITAO,<br>    Plaintiff | )<br>)<br>) |
| VS. | ) CIVIL ACTION NO. 2005-11326-RWZ |
| | ) |
| DAVID LHOWE, M.D.,<br>    Defendant | )<br>) |

**MOTION OF THE DEFENDANT, DAVID LHOWE, M.D., TO
REFER CASE TO THE SUPERIOR COURT TO CONVENE A
MEDICAL MALPRACTICE TRIBUNAL**

Now comes the defendant, David Lhowe, M.D., and moves, pursuant to Massachusetts General Laws chapter 231, section 60B, that this Honorable Court refer this case to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the purpose of convening a statutorily mandated medical malpractice tribunal. As grounds for this motion, David Lhowe, M.D. states as follows:

The plaintiff, Tracy Leitao, has filed this case alleging *inter alia* that the defendant, David Lhowe, M.D., negligently rendered medical care to her. Under Massachusetts statutory law, a plaintiff making such allegations must present the case to a medical malpractice tribunal. Specifically, Massachusetts General Laws chapter 231, section 60B, states that all claims of "malpractice, error or mistake" against a healthcare provider "shall be heard by a tribunal consisting of a single justice of the Superior Court, a physician licensed to practice medicine in the Commonwealth . . . and an attorney authorized to practice law in the Commonwealth." Id. The tribunal "shall determine if the evidence presented if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the Plaintiff's case is merely an unfortunate medical result." Id.

The laws of this Commonwealth make clear that the Superior Court serves as the appropriate and lone venue to convene a medical malpractice tribunal. See id.; see also, Austin v. Boston Univ. Hosp., 372 Mass. 654, 659 (1977). Where, as here, the case is filed in a court other than the Superior Court, the case must be referred to the Superior Court for consideration by a tribunal. Id. In applying the holdings of Austin, this Court has recognized the substantive right of a defendant in a diversity action to have the malpractice claims against it evaluated by a Section 60B tribunal. See Byrnes v. Kirby, 453 F. Supp. 1014, 1019 (D.C. Mass. 1978).

In the case at bar, the action for medical malpractice is before this Court on the basis of diversity of citizenship. As a result, David Lhowe, M.D. has a substantive right to have the claims against it evaluated by a Section 60B tribunal. See id. Accordingly, David Lhowe, M.D. seeks referral of this case.

Wherefore, for all of the reasons stated herein, David Lhowe, M.D. moves, pursuant to Massachusetts General Laws chapter 231, section 60B, that this Honorable Court refer this case to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the purpose of convening a statutorily mandated medical malpractice tribunal.

    Respectfully submitted,

    MARTIN, MAGNUSON, McCARTHY
    & KENNEY

    _____
    Michael A. Murphy, B.B.O. No. 363290
    Charles P. Reidy, III, B.B.O. No. 415720
    Attorneys for the Defendant,
    David Lhowe, M.D.
    101 Merrimac Street
    Boston MA 02114
    617-227-3240

## CERTIFICATE OF SERVICE

I, Michael A. Murphy, counsel for defendant, David Lhowe, M.D. hereby certify that on the 3rd day of August, 2005, a copy of the above document was sent by mail, postage prepaid, to:

Barry D. Lang, Esq.
Zachary B. Lang, Esq.
Barry D. Lang, M.D. & Associates
One State Street, Suite 1050
Boston, MA 02109

*L. C. L*

Michael A. Murphy, B.B.O. No. 363290
Charles P. Reidy, III, B.B.O. No. 415720
Attorneys for the Defendant,
David Lhowe, M.D.
101 Merrimac Street
Boston MA 02114
617-227-3240